# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANGEL ROJAS,

    Petitioner,    :    Case No. 3:10-cv-297

              :    District Judge Walter Herbert Rice
-vs-                    Magistrate Judge Michael R. Merz

UNITED STATES OF AMERICA,

    Respondent.

---

### SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

Angel Rojas commenced this action by filing a Petition for Writ of Audita Querela pursuant to 28 U.S.C. § 1651 (Doc. No. 854). The Petition was not accompanied by a filing fee or a motion for leave to proceed *in forma pauperis*, but the Clerk filed the Petition, docketing it as if it were a Motion to Vacate under 28 U.S.C. § 2255, which does not require a filing fee. The Magistrate Judge reasoned that because Petitioner was proceeding *in forma pauperis*, his Petition was to be screened prior to issuance of any process. 28 U.S.C. § 1915(e)(2). Having done that screening, the Magistrate Judge recommended the Petition be dismissed without prejudice for failure to state a claim upon which relief in the nature of audita querela could be granted (Report and Recommendations, Doc. No. 855).

Petitioner objected (Doc. No. 859). In part he made it clear that the Clerk was in error in characterizing his Petition as seeking relief under § 2255. The Magistrate Judge corrected that error by directing the Clerk to eliminate the Petition as a § 2255 Motion in the Petitioner's criminal cases

and treat it solely as a free-standing application for audita querela relief.

Petitioner also said that if the Court "concludes that it should proceed with the Petition which would require filing *in forma pauperis* or payment of the filing fee, it should order the Petitioner to do so." *Id.* at PageID 4625. The Court then ordered Petitioner to either file for *in forma pauperis* status or pay the filing fee by September 1, 2010 (Doc. No. 861). Petitioner then filed an Application to Proceed *in forma pauperis* (Doc. No. 857) which the Magistrate Judge has granted (Doc. No. 858).

The case is now in the posture for screening under § 1915 which the Magistrate Judge assumed it had initially. It remains for the Court to deal with the other objections made by Petitioner to the Magistrate Judge's recommendation. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

Audita querela was a common law writ "to afford relief to a judgment debtor against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment or the issue of the execution." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2867. Petitioner argued it was also available in criminal cases, citing *Carrington v. United States*, 503 F.3d 888 (9th Cir. 2007), which the original Report and Recommendations distinguishes.

In his Objections, Petitioner now relies on *United States v. Johnson*, 962 F.2d 579 (7th Cir. 1992)(Objections, Doc. No. 859, PageID 5626). In that case, the petitioner sought to have his criminal conviction set aside on the purely equitable basis of its impact on his immigration status. The Seventh Circuit held that audita querela was not available to set aside a criminal conviction on

a purely equitable basis, but that it required a petitioner to prove "legal defects in an underlying criminal conviction or sentence arising subsequent to a conviction." 962 F.2d at 581-582, citing *United States v. Reyes*, 945 F.2d 862, 866 (5th Cir. 1991); *United States v. Holder*, 936 F.2d 1, 3 (1st Cir. 1991); and *United States v. Ayala,* 282 App. D.C. 266, 894 F.2d 425, 426 (D.C. Cir. 1990). The Seventh Circuit went on to note "In our only relatively recent brush with audita querela, we held that the writ could not be invoked by a defendant challenging the legality of his sentence who could otherwise raise that challenge under 28 U.S.C. § 2255." *Id.* citing *United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir. 1982). The court went on to raise but not resolve the question whether it would be unconstitutional to create a new post-conviction remedy, given the existence of § 2255 and the writ of error coram nobis. *Id.. Doe v. INS*, 120 F.3d 200 (9th Cir. 1997), also cited by Petitioner, also held that audita querela was not available to vacate a conviction on purely equitable grounds where Doe sought to avoid deportation by having his conviction vacated.

Finally, Petitioner relies on *United States v. Morgan,* 346 U.S. 502 (1954), which held that the common law writ of coram nobis was still available to a convicted person to obtain relief from the conviction in certain circumstances. However, the writ of coram nobis was always directed to criminal convictions, in contrast to audita querela, which is a civil remedy. And coram nobis is not available to someone who is still in custody. *United States v. Johnson,* 237 F.3d 751 (6th Cir. 2001); *United States v. Monus*, 356 F.3d 714 (6th Cir. 2004).

In the original Report, the Magistrate Judge held the Petitioner could not circumvent the one-year statute of limitations on § 2255 motions by filing what amounts to the same thing but relabeling it as a petition for writ of audita querela. He now says his failure to file in time is because he only discovered the errors in the indictment, the application for search warrant, and the illegal

enhancement to his sentence after the time limit had expired. But he says nothing about how diligent he was in trying to find the purported defects or why they are not waived by his failure to appeal from the final judgment.

The purpose of the statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") – like all statutes of limitations – is to bring finality to litigation. Petitioner has shown no reason why the statute of limitations in the AEDPA should not apply to this case or why he should be able to avoid it by relabeling what is in essence a § 2255 motion as a petition for writ of audita querela.\

September 8, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).